NOT RECOMMENDED FOR PUBLICATON
File Name: 23a0496n.06
No. 23-3269

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| PIERRE INVESTMENTS, INC., et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| FIFTH THIRD BANCORP, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

FILED
Dec 04, 2023
KELLY L. STEPHENS, Clerk

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge.  Non-party CLS Capital Group Inc. allegedly defrauded Pierre Investments, Inc.  Pierre later brought this suit against CLS's bank, Fifth Third, based on its alleged failure to perform due diligence on CLS.  The district court dismissed for failure to state a claim.  We affirm.

Pierre signed a loan agreement with CLS for $10,000,000 to fund a real-estate deal in Texas.  As part of that agreement, Pierre gave CLS two cashier's checks totaling $75,000, which CLS agreed to hold in an escrow account.  Rather than deposit the checks into that account, however, CLS deposited the checks into a different account at Fifth Third.  Pierre later learned that CLS was in fact a defunct corporation and that Pierre had been a "victim of financial fraud."  To remedy this fraud, Pierre asked Fifth Third to retrieve the $75,000 from CLS's account.  Fifth Third declined.

Pierre thereafter filed this lawsuit against Fifth Third, among other parties. Pierre alleged that Fifth Third had failed to screen its customers properly—including, on the facts alleged here, CLS, which Fifth Third allowed to open a bank account, present itself as a legitimate company, and ultimately defraud Pierre. Fifth Third filed a Rule 12(b)(6) motion, which the district court granted. Pierre appealed.

We review de novo the district court's decision to dismiss Pierre's claims against Fifth Third. *Lambert v. Hartman*, 517 F.3d 433, 438-39 (6th Cir. 2008).

Pierre argues that the district court erred in dismissing its claims under the Patriot Act, Pub. L. No. 107-56, 115 Stat. 272, 304 (codified as amended in scattered sections of the U.S.C.), and the Anti-Money Laundering Act, 31 U.S.C. § 5311 *et seq.* But Pierre identifies no support for the proposition that either of those statutes imply a private right of action. *See generally, Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001). And Pierre concedes that "the duty to monitor" under each statute is "owed to the government of the United States," not to individuals. Suffice it to say that the district court properly dismissed these claims.

Pierre also argues that the court improperly dismissed its claims for fraudulent misrepresentation and fraudulent inducement against Fifth Third. To state those claims, however, plaintiffs "must allege the time, place and contents of the misrepresentations upon which they relied." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). Pierre's complaint lacks any allegations that Fifth Third made any representations at all to Pierre. The district court properly dismissed these claims as well.

The same is true for Pierre's negligent-misrepresentation claim. To state that claim, Pierre needed to allege (among other things) that Fifth Third made some "affirmative false statement" to

No. 23-3269, *Pierre Investments, Inc., et al. v. Fifth Third Bancorp, et al.*

Pierre. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1269 (Ohio Ct. App. 1996).  Pierre made no such allegation here.

Finally, Pierre makes no developed argument in support as to why it stated a claim under the "Federal Reserve and Office of the Comptroller of the Currency Rules."

Pierre's appeal, in short, is patently meritless.  The district court's judgment is affirmed.